IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph Concheck,               :

    Plaintiff,              :

  v.                           :    Case No. 2:10-cv-656

                             :    JUDGE SARGUS

Marcus Barcroft, et al.,
                             :

    Defendants.

ORDER

This recently-filed civil case is before the Court for a ruling on defendant Marcus Barcroft's motion for an extension of time to answer the complaint. Mr. Barcroft was served with a complaint and summons on September 4, 2010. Absent an extension, his answer would have been due on September 27, 2010. He seeks to extend that date by sixty days. Plaintiff Joseph Concheck has opposed the motion for an extension, and Mr. Barcroft has replied. For the following reasons, the Court grants the motion in part.

Mr. Barcroft's reasons for wanting an extension are straightforward. He lives in California and has been trying to find an attorney in Ohio. He needs an attorney who can address, among other issues, the question of whether the case was properly filed here instead of in Michigan. He has not been able to find one yet. He believes that because this case is in its early stages, this extension will not prejudice the plaintiff.

Mr. Concheck sees it differently. He argues that this case needs to move quickly because Mr. Barcroft has swindled him out of a half million dollars, and it is important that he be able to get it back promptly. He contends that the sole purpose of Mr. Barcroft's motion is to create further unnecessary delay, and

that because Mr. Barcroft has known about this case since late July, he has had more than enough time to hire a lawyer in Ohio.

Extensions of time to move or plead in response to a complaint and summons are governed by Fed.R.Civ.P. 6(b).  That rule requires the party asking for such an extension to show "good cause."  AS this Court observed in Haggard v. Stevens, 2010 WL 1032625, *1 (S.D. Ohio March 16, 2010),

> Since the early days of application of the Federal Rules of Civil Procedure, it has been widely agreed that "[p]ermission to plead after the allotted time is a matter for the discretion of the trial judge...." Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 187 (3d Cir.1942). Under Fed.R.Civ.P. 6(b), "[e]xtensions always may be asked for, and usually are granted upon a showing of good cause, if timely made ...." Creedon v. Taubman, 8 F.R.D. 268, 269 (N.D.Ohio 1947). Of course, prejudice to the non-moving party is always a consideration when any request for an extension is made pursuant to Rule 6(b). See, e.g., Florer v. Electronic Data Systems, 2004 WL 1562851 (N.D.Tex. July 13, 2004). Overall, the Court's discretion is to be exercised in light of Rule 1's admonition to further the just, speedy, and inexpensive determination of each case before the Court. See 48 C. Wright & A. Miller, Federal Practice and Procedure, §1165 (3d Ed., Current through 2009 Update).

Additionally, one court has noted that although good cause may be defined as a "'substantial reason amounting in law to a legal excuse,'" it has been described as "not a particularly demanding standard."  United States v. Board of County Comm'rs, 2010 WL 965607, *3 (D.N.M. February 18, 2010), quoting Black's Law Dictionary 682 (6th Ed. 1990).

Here, the need for an attorney certainly can constitute good cause for an extension of time, and it would not conflict with the precepts stated in Fed.R.Civ.P. 1 to grant a reasonable extension.  On the other hand, the Court notes that one of the other defendants has now been served and that, even with an

extension granted by plaintiff, that defendant's answer is due on October 18, 2010.  See Doc. #13.  To grant Mr. Barcroft's motion in full would be to give him more than a month after that date to answer.  Further, it appears that he has known about this dispute for some length of time and has known about the lawsuit for over two months.  Giving him an additional twenty-eight days appears adequate to the Court to allow him to get an attorney and prepare and file an answer.  Any more time would begin to prejudice the interests of both the plaintiff and the Court in moving this case along.

For the foregoing reasons, defendant Marcus Barcroft's motion for an extension of time (#10) is granted in part.  He shall move or plead in response to the complaint on or before November 3, 2010.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp  
United States Magistrate Judge