IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH CONCHECK,

    Plaintiff,

vs.

    Case No. 2:10-cv-656
    Judge Sargus
    Magistrate Judge Kemp

MARCUS BARCROFT,
et al.,

    Defendants.

## OPINION AND ORDER

Presently before the Court is Plaintiff's motion for a preliminary injunction. (Doc. 15.) For the following reasons, the Court **GRANTS** the motion and **ORDERS** the relief specified herein.

### I.

Plaintiff, Joseph Concheck ("Plaintiff"), brings the instant action against Defendants Marcus Barcroft ("Barcroft"), Robert Marsh ("Marsh"), and Marty York ("York"), with claims for, *inter alia*, breach of contract, breach of fiduciary duty, fraud, and unjust enrichment. (*See* Compl.) Plaintiff's claims arise from an investment relationship with the Defendants, in which they allegedly promised Plaintiff high yield returns on an initial investment of $500,000. (Compl. at 1–2.) Under the alleged terms of the investment program, if trading activity was not commenced within sixty days from the date of deposit, Plaintiff would be entitled to a return of his initial investment plus an additional ten percent. (Compl. ¶ 10.) Plaintiff maintains that Defendants have failed to pay him any of the promised sums guaranteed by the investment

program (Compl. ¶ 16), and fraudulently spent his investment on personal debts and expenditures other than the investments promised in the contractual agreement. Plaintiff now moves the Court for a preliminary injunction ordering Barcroft and Marsh to return his $500,000 investment.[1]

## II.

A hearing was held on Plaintiff's motion on October 12, 2010 during which the Court heard testimony from Plaintiff and York. York testified that he and Marsh had entered an arrangement wherein York would receive wire transfers into his bank account on behalf of Marsh. According to York, in January 2010, he received a $500,000 wire transfer from Plaintiff, but subsequently disbursed the $500,000 as directed by Marsh. Plaintiff testified about his entry into the investment program and contacts that he had with Defendants. Plaintiff further testified that Defendants have not returned his initial investment of $500,000 as required by the terms of the escrow agreement he allegedly entered with Defendants. As explained below, by virtue of this testimony and other evidence offered by Plaintiff, the Court finds that preliminary relief is appropriate under both Rules 64 and 65.

As an initial matter, based on Plaintiff's testimony and Plaintiff's affidavit, the Court finds that it has specific personal jurisdiction over Marsh and Barcroft as they had sufficient contacts with the state of Ohio through the investment program they sold to Plaintiff to satisfy due process requirements. Further, the terms of Ohio's long-arm statute are met as Marsh and Barcroft transacted business in Ohio or are alleged to have caused tortious injury in Ohio. *See* OHIO REV. CODE § 2307.382(A)(1), (3).

Rule 64 provides that "[a]t the commencement of and throughout an action, every remedy

---

[1] Plaintiff has represented that he does not seek preliminary relief against York.

is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). Pursuant to Chapter 2715 of the Ohio Revised Code, a Plaintiff may obtain prejudgment attachment of the property of a defendant in certain instances, including if "the defendant has assigned, removed, disposed of, or is about to dispose of, property, in whole or part, with the intent to defraud creditors" or if "the defendant has fraudulently or criminally contracted the debt, or incurred the obligations for which suit . . . has been brought." OHIO REV. CODE § 2715.01(A)(9), (10). Here, Plaintiff has established that, for purposes of a preliminary injunction, Marsh and Barcroft have disposed of the funds transferred to them with the intent to defraud Plaintiff and that amounts owed Plaintiff by Marsh and Barcroft were likely contracted by fraud. Thus, Plaintiff is eligible pursuant to Rule 64 to avail himself of Ohio's prejudgment attachment procedures.

The Sixth Circuit has held that in cases where preliminary state legal remedies are inadequate under Rule 64, injunctive relief under Rule 65 may be appropriate. *See Ebsco Indus., Inc. v. Lilly*, 840 F.2d 333, 336 (6th Cir. 1988). Here, because Ohio's attachment laws do not apply outside of Ohio, *Ashton Park Apartments, LTD. v. Lebor*, 252 F. Supp. 2d 539, 548 (N.D. Ohio), and because Barcroft and Marsh reside in other states, Ohio's prejudgment attachment process is not an adequate remedy for ensuring that they preserve the funds received from Plaintiff. Accordingly, the Court may consider ordering preliminary injunctive relief pursuant to Rule 65.

Before turning to whether a preliminary injunction is appropriate, however, the Court first addresses whether the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v.*

*Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), precludes the type of preliminary relief sought by Plaintiff. In *Grupo Mexicano*, the Court held that district courts lack the authority to issue preliminary injunctions freezing the assets of defendants pending adjudication of claims for money damages. *Id.* at 333. According to the Court, district courts lack this equitable power because such remedies were not historically available in courts of equity. *Id.* However, in reaching its holding, the Court distinguished other cases in which preliminary injunctions were properly issued because equitable relief as opposed to money damages were sought by plaintiffs. For in instance, in *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940), the Court upheld a preliminary injunction enjoining a defendant, which held the assets of another defendant, from transferring a fixed sum where it was alleged that the second defendant was insolvent. *See id.* at 290. The Court noted that

> [t]he principal objects of the suit are rescission of the Savings Plan contracts and restitution of the consideration paid, including recovery of the balance, held by Pennsylvania for account of Independence, which consisted in part of the payments alleged to have been procured by the fraud of Independence. That a suit to rescind a contract induced by fraud and to recover the consideration paid may be maintained in equity, at least where there are circumstances making the legal remedy inadequate, is well established.

*Id.* at 289. Where such equitable relief was sought, "the injunction was a reasonable measure to preserve the status quo pending final determination of the questions raised." *Id.* at 290.

In the instant case, while several of the Plaintiff's claims call for money damages, Plaintiff's claim for unjust enrichment sounds in equity, see *U.S. ex rel. Rahman v. Oncology Associates*, 198 F.3d 489, 497 (4th Cir. 1999), and specifically seeks the return of the money he paid to Defendants. (Compl. ¶ 35.) In *Rahman*, the Fourth Circuit concluded that because claims for unjust enrichment are equitable in nature, preliminary injunctive relief freezing assets

-4-

subject to the unjust enrichment claim would not run afoul of *Grupo Mexicano*. *Rahman*, 198 F.3d at 499. Here, the Court finds that the instant case, where the Plaintiff alleges that he was fraudulently induced into investing his money with Defendants and brings an equitable claim for unjust enrichment, is more analogous to *Deckert* and *Rahman* than to *Grupo Mexicano*. Thus, it is within the Court's authority to grant the preliminary relief sought by Plaintiff. As the Supreme Court has stated, "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945).

In considering whether to issue a preliminary injunction, the Court must address the following four factors: "1) the likelihood of success on the merits of the action; (2) the irreparable harm that could result if the court did not issue the injunction; (3) the impact on the public interest; and (4) the possibility of substantial harm to others." *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 262 (6th Cir. 1988). Here, each factor weighs in favor of granting preliminary relief. Plaintiff has demonstrated that there is a strong likelihood that he will be able to succeed on the merits of his claim. During the hearing, Plaintiff testified about the representations made to him by Defendants and has provided copies of an escrow agreement and emails advising him of his right to a refund of his $500,000 investment and a guarantee that the funds would only be invested, not used for Defendants' personal debts and expenses. Thus, it is likely that Defendants are contractually bound to return the initial investment. Turning to the second factor, Plaintiff is likely to suffer irreparable harm if Barcroft and Marsh are not required to submit funds from Plaintiff's initial investment they still retain to the safekeeping of the Court. Plaintiff testified that his requests for return of his funds were denied, indicating that Barcroft

-5-

and Marsh are willing to dispose of or conceal remaining funds rather than return them. The final two factors do not weigh heavily in Plaintiff's favor, but do support the Court's determination that a preliminary injunction would be appropriate in this case. For instance, the public interest would be served in this case as a preliminary injunction may deter others from orchestrating fraudulent investment schemes. Finally, the record does not include any indication that harm to others would result from the issuance of an injunction in this case.

### III.

For the above stated reasons, preliminary relief is appropriate in this case, and Marsh and Barcroft are accordingly ordered to immediately deposit $500,000 with the Clerk. The Clerk is directed to deposit the funds in an interest bearing account.

**IT IS SO ORDERED.**

10-18-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**