UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH CONCHECK,

      **Plaintiff,**                              **Case No. 2:10-cv-656**
                                                          **JUDGE EDMUND A. SARGUS, JR.**
      **v.**                                    **Magistrate Judge Terence P. Kemp**

MARCUS BARCROFT, et al.,

      **Defendants.**

## OPINION AND ORDER

Plaintiff Joseph Concheck filed his matter on July 22, 2010, against Marcus Barcroft, Robert Marsh, Marty York and MY Investments. After several failed attempts, Marsh was personally served with the complaint on October 24, 2010. (Doc. No. 36). Plaintiff moved for an entry of default against Marsh because he failed to answer, plead, appear or otherwise defend against Plaintiff's claim. (Doc. No. 53.)

The Clerk entered default against Marsh on January 21, 2011. (Doc. No. 56.) Plaintiff then properly moved for default judgment, which this Court denied without prejudice, noting that, in cases that involve multiple defendants, the preferred practice is to withhold granting default judgment until trial on the merits has been held against the remaining defendants. (Doc. No. 62.)

On October 6, 2010, Plaintiff moved for a preliminary injunction against all defendants. (Doc. No. 15.) This Court granted the motion and ordered Marsh and Barcroft to deposit $500,000 with the Clerk of this Court. (Doc. No. 28.) These defendants failed to deposit any funds with the Clerk.

Plaintiff moved for contempt against Marsh and Barcroft for their failure to comply with the Court's preliminary injunction. (Doc. No. 63.) On February 2, 2012, the Court scheduled a contempt hearing on Plaintiff's motion to hold Marsh and Barcroft in contempt. (Doc. No. 79.) Marsh failed to appear at that hearing.

The Court held in abeyance Plaintiff's motion to hold Marsh in contempt and ordered him to appear at a contempt hearing on March 13, 2012. Marsh failed to appear at that hearing. Unlike his first failure to appear, Marsh on this occasion sent a letter to the Court requesting that he be excused from participating in the hearing.

The Court issued an Order, indicating that Plaintiff in this case has the right to question Marsh while he is under oath as to his failure to comply with this Court's Order granting injunctive relief to Plaintiff. (Doc. No. 97.) The Court set another contempt hearing and warned that Marsh's failure to appear would result in the issuance of a warrant for his arrest.

Marsh contacted the Court and Plaintiff's counsel and indicated that he did not have the means to appear at the contempt hearing. Plaintiff's counsel agreed to forego their opportunity to question Marsh in court in exchange for Marsh's agreement to provide verified financial information proving his inability to appear before the Court. The Court, therefore, vacated the contempt hearing. (Doc. No. 98.)

The Court scheduled a preliminary pretrial conference and directed Marsh to appear. (Doc. No. 108.) The Court specifically indicated that his failure to appear may result in default judgment against him. Marsh failed to appear.

This Court also has the inherent authority to sanction litigants, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its

2

proceedings." *Dell, Inc. v. Elles*, 2008 U.S. App. LEXIS 27866, 2008 WL 4613978, *2 (6th Cir. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). Indeed, the Court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the Court's orders. *Chambers*, 510 U.S. at 43-50. It is within a court's inherent authority is to "fashion an appropriate sanction for conduct which abuses the judicial process." *Dell*, 2008 U.S. App. LEXIS 27866 (quoting Chambers, 510 U.S. at 44-45; *see also Gonzalez v. Ohio Cas. Ins. Co.*, 2008 U.S. Dist. LEXIS 70371, 2008 WL 4277258, *1 (E.D. Mich. 2008) ("this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel.").

Nevertheless, the Court would not imposes such default judgment as a sanction absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Id.* at 608; *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault ...,' so, too, is entry of default judgment.").

In this case, Marsh has repeatedly ignored this Court's orders and only responded once after the threat of the issuance of an arrest warrant. Further, Marsh was expressly warned that his failure to appear may result in a default judgment against him. Marsh not only failed to appear, but failed to acknowledge the Court's order in any way. Given Marsh's failure to comply with multiple orders of the Court, his failure to appear before the Court when ordered and his almost complete failure to participate in this case at all, the Court finds no utility in considering lesser

3

sanctions. Thus, the Court finds that default judgment is an appropriate sanction. Plaintiff is directed to file his memorandum supporting the amount of the judgment that should be entered against Defendant Robert Marsh.

**IT IS SO ORDERED.**

_8-24-2012_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**