# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSEPH CONCHECK,

    Plaintiff,

v.

MARCUS BARCROFT, et al.,

    Defendants.

Case No. 2:10-cv-656
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## JUDGMENT ORDER

Plaintiff brought claims against Defendant Robert Marsh for breach of contract, fraud, unjust enrichment, and punitive damages. On August 24, 2012, this Court granted Plaintiff's motion for default judgment against Mr. Marsh. (Doc. No. 116.) Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995); *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007). "While liability may be shown by well-pleaded allegations, the Court is required to 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Alterna Mortg. Income Fund, LLC v. GS Holdings-Brookside, Ltd.*, No. 3:12-cv-252, 2013 U.S. Dist. LEXIS 25592 (S.D. Ohio Feb. 25, 2013) (quoting Osbeck v. Golfside Auto Sales, Inc., No. 07-14004, 2010 U.S. Dist. LEXIS 62027, 2010 WL 2572713, at *5 (E.D. Mich. Jun. 23, 2010)). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Id.* (citations omitted).

Plaintiff has filed an affidavit and supporting exhibits that show the following:

This case involves an investment scheme orchestrated by Defendant Marsh and his

co-defendants whereby it was represented to Plaintiff that, in consideration of his initial investment of $500,000, he was guaranteed profits through an investment program with high yield returns. According to representations made by Defendants and the Escrow Agreement presented to and entered into by Plaintiff, he was entitled to six payouts each totaling between $1,000,000 to $3,000,000 (or totaling $6,000,000 to $18,000,000 in the aggregate), with the first payout to be received 30 days from the commencement of trading. (Pl. Aff., Exs. A-D, Doc. No. 118-1.). If trading did not commence within 60 days from the date of the deposit of his investment, Plaintiff was entitled to $550,000. *Id.*

On April 16, 2010, Mr. Marsh, by and through his agents and co-defendants, misrepresented that trading had in fact commenced. *Id.* Less than a month later, Plaintiff was told that trading "closed" and that he would be receiving a $550,000 as stated in the Escrow Agreement. *Id.* No such refund ever came.

In light of the foregoing, Plaintiff contends that under his fraud and related claims he is entitled to damages in the amount of $18,000,000, which is the difference between the potential value of the investment as presented to Plaintiff and its actual value at the time of purchase. Under Plaintiff's breach of contract claim, he contends that he is entitled to $550,000 plus prejudgment interest, as this is the amount listed in the final contract between Plaintiff and Mr. Marsh's agents. Under Plaintiff's unjust enrichment claim, he asserts that he is entitled to at least $500,000 which is the amount of benefit conferred on Mr. Marsh and his co-defendants. Plaintiff, however, requests a judgment related to compensatory damages of $550,000 against Mr. Marsh, plus prejudgment interest of $36,852 and legal fees and costs of $78,402 for a total of $665,254. Plaintiff also requests that this court enter a judgment related to his punitive damages

claim in an amount equal to compensatory damages. The Court finds that Plaintiff's request is reasonable and well-supported. Therefore, the Court **ENTERS JUDGMENT** against Robert Marsh in the amount of one million, three hundred thirty thousand and five hundred and eight dollars ($1,330,508).

All issues that were before the Court in this matter have now been resolved. The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

7-11-2013
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**